IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BANK OF NEW YORK, AS TRUSTEE,

    Plaintiff,

vs.                                                                           No. CIV  05-355  JB/WDS

KARL E. MEHNER; FRANCIS J. MEHNER; STATE
OF NEW MEXICO DEPARTMENT OF LABOR;
UNITED STATES OF AMERICA(IRS); JOHN DOE
and JANE DOE, (true names unknown), Tenants,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants Karl Erich Mehner and Francis J. Mehner's request for a temporary restraining order, filed at 5:13 p.m. on March 30, 2005 (Doc. 3). The Court held a hearing on the Mehners' request at 8:30 a.m. on March 31, 2005. The primary issue is whether the Court should stop the sale of the Mehners' residence, which is set for 10:00 a.m. on March 31, 2005. Because the Mehners have not shown that their request meets the requirements for a temporary restraining order, the Court will deny their request for extraordinary relief.

## PROCEDURAL BACKGROUND

On March 10, 2004, Plaintiff Bank of New York, as Trustee, filed a Complaint for Foreclosure against Karl E. Mehner, Francis J. Mehner, State of New Mexico Department of Labor, United States of America (IRS), John Doe and Jane Doe in the Second Judicial District, County of Bernalillo, State of New Mexico court. See Bank of New York v. Mehner, CV-2004-1605, filed March 10, 2004. In paragraph 2, the Bank alleged that the Defendants resided in Bernalillo County. See Bank of New York v. Mehner, Complaint ¶ 2, at 1. The Complaint alleged that the real estate

that is the subject matter of this action is in Bernalillo County. See id. ¶ 3, at 1.

The Complaint alleges that, on September 23, 1998, the Mehners, husband and wife, executed and delivered a mortgage note payable to Quest Mortgage Corporation, evidencing a debt in the principal sum of $124,000.00, bearing interest at the rate of 7.500% per annum until paid. See id. ¶ 4, at 1. To secure payment of the note, the Mehners executed and delivered a real estate mortgage, also dated September 23, 1998. See id. ¶ 5, at 2. The mortgage was recorded in the office of the County Clerk of Bernalillo County on September 28, 1998. See id. The real estate securing the note is in Sandia Park, New Mexico. See id. ¶ 6, at 2.

Thereafter, the note and mortgage were assigned to the Bank of New York. See id. ¶ 7, at 2. The Complaint alleges that the State of New Mexico Department of Labor may claim an interest in the property by virtue of a warrant of levy and lien against Frances J. Mehner, dated October 9, 1998, and recorded October 12, 1998, in the records of the County Clerk of Bernalillo County. See id. ¶ 8, at 2. The Complaint also alleges that the IRS may claim an interest in the property because of Notice of Federal Tax Liens recorded on December 17, 2002, and on January 6, 2003, in the records of the County Clerk of Bernalillo County. See id. ¶ 9, at 2-3. The Complaint also alleges that other persons may also claim an interest in the property. See id. ¶ 10, at 3.

The Complaint alleges that the Mehner's failed to make, as provided in the note, the payments when due. See id. ¶ 11, at 3. The Mehner's failed or refused to cure the default. See id. The Complaint alleges that any demand for cure of the default required by the note and mortgage has been made. See id.

The mortgage gives the holder the option of declaring all sums due under the note immediately due upon default of its terms. See id. ¶ 12, at 3. The Bank of New York has exercised

that option. See id. According to the mortgage's terms, the mortgage shall be foreclosed and the property sold, with the proceeds of sale to be applied to the cost of the foreclosure and payment of all amounts due under the note and mortgage. See id. The unpaid principal balance on the note is $113,130.40, with interest from August 1, 2003. See id.

The Complaint alleges that the Bank's lien is prior and paramount to the interest of any Defendant and that all such subordinate interests should be eliminated by this foreclosure action. See id. ¶ 13B, at 4. The Bank contends that it is entitled to a judgment foreclosing the interests of any Defendant. See id. The Bank maintains that it is entitled to the appointment of a receiver to protect the property, and is entitled to the appointment of a special master to sell the property and to distribute the proceeds of the sale. See id. ¶ 13C, at 4.

The Complaint alleges that, upon the state court's approval of the Special Master's Report, the purchaser of the property shall be entitled to immediate possession of the property and shall be entitled to an order directing the Sheriff of Bernalillo County to place the purchaser in possession of the property. See id. ¶ 18, at 4. The Bank contends that it is entitled to a judgment permitting it to bid all or part of its judgment at sale and to have a deficiency judgment. See id. ¶ 19, at 4. The Bank thus prays for: (i) judgment against the Mehers; (ii) an order that the Bank's lien be foreclosed and the property sold; (iii) an order giving possession to the purchaser at the Special Master's sale; and (iv) a deficiency judgment against the Mehers. See id. ¶¶ 13 A, B, C, and D, at 4-5.

The materials that are before the Court indicate that the Mehners were active in their state case. At the hearing on the Mehners' request for temporary restraining order, the Bank represented that, shortly after the state court entered a final judgment, the Mehners filed for bankruptcy. See

Transcript of Hearing at 6:8-15 (March 31, 2005)(hereinafter "Transcript").[1] The Bankruptcy Court dismissed the bankruptcy, so the foreclosure sale was rescheduled for March 31, 2005. See id. at 6:15-16. The Bank represents that the Mehners received notice of the sale in late February, 2005. See id. at 5:20-22.

On March 30, 2005, the Mehners, filed a "DEFENDANTS NOTICE OF REMOVAL to 'in the district court of the united states for New Mexico sitting in the capacity of an article III court' and TEMPORARY RESTRAINING ORDER/AUTOMATIC STAY." See Doc. 1. The Mehners style the case "BANK OF NEW YORK, AS TRUSTEE, UNITED STATES OF AMERICA (IRS), and ROES and DOES I through CM, inclusive, Plaintiff, vs. Karl Erich; Mehner; Frances Jo; Mehner, Defendants." Id. The Mehners state that they file the notice of removal under 28 U.S.C. § 1446(a), which sets forth some of the procedures for removal. See id. at 1.

In the Introduction to their Notice of Removal, the Mehners represent that the Plaintiffs are the Bank of New York as trustee, the IRS, and the Roes and Does, and that they are the Defendants. See id. at 2:2-4. The Mehners state: "We have performed the administrative process, Title 5 and Brett Robinson, individually, et al., and as AGENT FOR QUEST MORTGAGE CORPORATION, et al., Susan Little, individually, et al., and as AGENT FOR BANK OF NEW YORK as servicing agent for QUEST MORTGAGE CORPORATION, et al., and ROES and DOES I through CM, inclusive, all are trying to collect the same alleged debt and are in default and dishonor . . . ." Id. at 2:4-11. At the hearing on this request for temporary restraining order, Ms. Mehner stated that she did not try to contact, or to seek consent from, the United States about the Mehners' Notice of

---

[1] The Court's citation to the transcript of the hearing refers to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

Removal. See Transcript at 8.

In their "Temporary Injunction," the Mehners state that they "want a one year temporary injunction to stop the sale of the subject property." (Doc. 3).

**LAW REGARDING REQUESTS FOR TEMPORARY RESTRAININGG ORDER**

The requirements for the issuance of a temporary restraining order are similar to those for the issuance of a preliminary injunction. Injunctive relief is considered an "extraordinary remedy" and the movant must demonstrate a "clear and unequivocal right" in order to have a request granted. Greater Yellowstone Coalition v. Flowers, 321 F.3d 1250 (10th Cir. 2003). In determining whether to grant injunctive relief, courts consider the following four factors: (i) whether irreparable injury will result because of the unavailability of an adequate legal remedy; (ii) whether the threatened injury to the moving party outweighs any possible injury to the opposing party; (iii) whether issuance of an injunction would not disserve the public interest; and (iv) whether the moving party is substantially likely to succeed on the merits. See Sampson v. Murray, 415 U.S. 61, 84 n.53 (1974); Hartford House, Ltd. v. Hallmark Cards, Inc., 846 F.2d 1268, 1270 (10th Cir. 1988).

**ANALYSIS**

The Mehners do not mention the Tenth Circuit's requirements for the issuance of a temporary restraining order. Accordingly, they make no effort to show that they can satisfy the required elements for such an order. When the Court does the analysis the Tenth Circuit requires, the Court concludes that the Mehners' request for a TRO lacks merit.

**I.      THE COURT WILL DENY THE MEHNERS' REQUEST FOR A TEMPORARY RESTRAINING ORDER.**

**1.      SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS.**

### a. **Jurisdiction.**

For there to be a substantial likelihood of success on the merits, the Court must have jurisdiction over the matter. There is a substantial issue about the Court's jurisdiction. The Mehners have not convinced the Court, at least on the record before it, that there is a substantial likelihood the Mehners will be able to establish that the federal court has jurisdiction. It may well be that the Court will remand the case to the state court.

This case began in state court as a foreclosure action and involves private land. The Court is concerned that it may need to remain in state court. Federal courts are reluctant to get involved in local real estate matters, which are generally state matters. There is a question whether the Court should even get involved in this dispute.

The Bank represents that summary judgment was entered against the Mehners on October 4, 2004. See Transcript at 5-6. The Bank represents that the state court entered final judgment and has ordered the foreclosure sale to take place. See id. at 6. The Mehners did not appeal the judgment. See id. The Court is concerned that the Mehners had their opportunity to present their case in state court and, dissatisfied with the results, are now seeking to have the federal court reverse the state court's judgment.

Given that the Bank filed this case on March 10, 2004, the Court has concerns whether it has jurisdiction over the case. While the Mehners indicate that the case was not removable when originally filed, they contend it became removable in March 2004. The Mehners do not explain why they waited until March 30, 2005, to attempt to remove this case to federal court. The Court is concerned that the removal was not timely.

The procedures that the Mehners used in removing this case raise some issues that the Court

will need to address. The Notice of Removal also suggests that there may defects in the procedure that the Mehners used to remove this case. The Mehners do not appear to attach the necessary documents to the Notice and instead ask the state court to forward them to the federal court.

      **b.** **Merits.**

The movant also bears the burden of establishing substantial likelihood of success on the merits. The Court has reviewed the materials that the Mehners have presented and is not convinced that the Mehners have established a substantial likelihood of success on the merits. The Court is not convinced that, even if the Mehners properly removed this case, the Court will eventually grant the Mehners any relief that would justify stopping the sale of their property.

    **2.** **EXISTENCE OF OTHER RELIEF.**

The Mehners have also not convinced the Court that there are not remedies available at law if the sale does not go through as scheduled.

There also does not appear a need for extraordinary relief. The Mehners appear to have had notice of the foreclosure sale in late February of 2005, but did not seek this relief until a month later.

The Court has addressed some of the issues that the papers before the Court raise. There are a number of issues that this request raises which counsel that the Court should not enter a temporary restraining order.

**II.** **THE COURT WILL NOT REMAND THE CASE AT THIS TIME.**

At the hearing, the Bank asked the Court to remand the case to state court immediately. The Court may need a written motion before remanding the case on some of the procedural issues. The Tenth Circuit has indicated that some deficiencies in a notice of removal are procedural and may be waived; some defects may be jurisdictional and may not be waived. It may be that the Bank will need

to identify the procedural and jurisdictional issues and problems with the Notice of Removal before the Court can act upon some of them. The Court is reluctant to remand sua sponte and, even if it is permissible, will not do so upon the Bank's oral request. The hearing for March 31, 2005 was set on the Mehners' request for a temporary restraining order, and the Court has denied that request. The remand issues should be left for another day.

**IT IS ORDERED** that Karl Eric Mehner and Francis J. Mehner's request for a temporary restraining order is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Susan C. Little
Jeannette B. Martinez
Susan C. Little & Associates, P.A.
Albuquerque, New Mexico

-- and --

Paul M. Kienzle III
Scott & Kienzle, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Karl E. Mehner
Francis Jo Mehner
Sandia Park, New Mexico

    *Defendants pro se*

David Iglesias
  United States Attorney
Manuel Lucero
  Assistant United States Attorney
Albuquerque, New Mexico

> *Attorneys for Defendant United States of America,*
>   *Internal Revenue Service*