IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BANK OF NEW YORK, AS TRUSTEE.,

    Plaintiff,

vs.                                                                    No. CIV-05-355 JB/WDS

KARL E. MEHNER; FRANCIS J. MEHNER; STATE
OF NEW MEXICO DEPARTMENT OF LABOR;
UNITED STATES OF AMERICA(IRS); JOHN DOE
and JANE DOE, (true names unknown), Tenants,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Remand Case to State Court and Motion for Abstention and Memorandum in Support Thereof, filed April 28, 2005 (Doc. 11). The Court scheduled a hearing on this matter for June 1, 2005. Upon review, the Court concludes that a hearing was not necessary or helpful. The primary issue is whether Defendants Karl E. Mehner and Frances J. Mehner have properly removed this case from state court to federal court. Because the Court finds a number of defects in the Mehners' removal, the Court will grant the motion to remand and require the Mehners to reimburse Plaintiff Bank of New York, as Trustee, the reasonable fees and costs that it incurred in preparing the remand portion of its motion.

## FACTUAL BACKGROUND

The Court gleans the following facts from the pleadings on file in the state court action, Case No. CV-2004-1605, Second Judicial, Bernalillo County, New Mexico; the electronic docket for Case No. CV-2004-1605 is available online. The Court also looked at the pleadings for United States Bankruptcy Court, District of New Mexico, Case No. 13-04-18206-SA; the pleadings for that case

are also available online.

On March 10, 2004, the Bank filed a Complaint for money owed and real property foreclosure in the Second Judicial District Court, County of Bernalillo, State of New Mexico, against the Mehners, who are citizens of the State of New Mexico; the United States of America, Internal Revenue Service ("IRS"); and the New Mexico Department of Labor. On March 24, 2004, the Department of Labor disclaimed its interest in the real property. On March 28, 2004, a private process server served the Defendants.

On April 16, 2004, the Defendants acknowledged service of process and answered the Complaint. On April 26, 2004, returns of service on the Defendants were filed. On May 14, 2004, the IRS filed its Answer and Crossclaim.

On July 21, 2004, the Bank filed a Motion for Summary Judgment against the Defendants. On July 22, 2004, the state court judge set a hearing on the Motion for Summary Judgment for September 15, 2004. On July 26, 2004, the Mehners refused service of the Notice of Hearing on the Bank's Motion for Summary Judgment. On September 15, 2004, the state court judge heard argument on the Bank's Motion for Summary Judgment, granted summary judgment, and ordered that judgment be entered against the Mehners in two weeks, giving the Mehners more time to refinance. See Entry on State Court Docket for September 15, 2004 and September 16, 2004.

On October 4, 2004, the state court entered a final summary judgment and a stipulated judgment against the Defendants on the Bank's claims for money owed and foreclosure, and on the IRS' crossclaim. See Summary and Stipulated Judgment, entered October 4, 2004. In October and November 2004, the Mehners served "letters rogatory," "actual notice of fault," and similar pleadings, but did not appeal the Final Judgment.

On November 10, 2004, Karl Mehner filed Chapter 13 bankruptcy in the United States Bankruptcy Court, District of New Mexico, under Case No. 13-04-18206-SA. On February 2, 2005, the Bankruptcy Court dismissed Karl Mehner's bankruptcy for failure to file a Chapter 13 plan. On February 28, 2005, the Bank filed an Amended Notice of Sale showing that a foreclosure sale would be held on March 31, 2005.

## PROCEDURAL BACKGROUND

On March 30, 2005, the Mehners filed a Notice of Removal, removing the case to federal court. The Notice does not include all pleadings from the state court action.

On March 30, 2005, the Mehners filed a request for a temporary restraining order. The Court held a hearing on the motion on March 31, 2005, and orally denied the request. The Court entered an order denying the request on May 31, 2005. See Memorandum Opinion and Order, filed May 31, 2005 (Doc. 17).

Plaintiff Bank of New York, as Trustee, moves the Court to remand this action to state court and moves the Court to abstain from hearing this action. On April 23, 2005, the Bank filed a Notice of Completion of Briefing (Doc. 15), stating that it was not aware of any formal response to the motion.

## LAW REGARDING REMAND

Removal statutes are to be strictly construed. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)("[A]ll doubts are to be resolved against removal."). A case may be remanded to state court for any defect in removal procedure. See 28 U.S.C. § 1447(c). "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. See Laughlin v. Kmart

Corp., 50 F.3d 871, 873 (10th Cir. 1995), cert. denied, 516 U.S. 863 (1995).

A state civil action may be removed to a federal district court having subject matter jurisdiction within 30 days after service of the complaint on the defendants or, if the civil action is not initially removable to federal district court, then within 30 days after the action becomes removable. See 28 U.S.C. § 1446(b). "Our examination of the timing of appellee's motion to remand begins with the overriding principle that because federal removal jurisdiction is statutory in nature, it is strictly construed. 'All doubts are to be resolved against removal.'" Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp., 98 Fed. Appx. 752, 755-56 (10th Cir. 2004) (unpublished) (citations omitted) (quoting Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)). The Defendants' "[f]ailure to timely file a notice for removal is a defect requiring remand to state court." First Nat'l Bank & Trust Co. in Great Bend v. Nicholas, 768 F.Supp. 788, 790 (D. Kan. 1991)(citation omitted). The time limitations for removal are to be "strictly enforced" and cannot be extended by "consent of the parties or order of the court." Id. (citation omitted)

The "rule of unanimity" requires that all served defendants join in the notice of removal. See 28 U.S.C. § 1446(a) and (b); 16 James W. Moore, Moore's Federal Practice § 107.11[1][c] (3d ed. 2004). All defendants must consent to removal. See Wisc. Dep't of Corr. v. Schacht, 524 U.S. 381, 393 (1998)(Kennedy, J., concurring); Cornwall v. Robinson, 654 F.2d 685, 686 (10th Cir. 1981); 28 U.S.C. § 1441(a). If the case involves a federal question, the citizenship of the defendants is irrelevant; however, absent a federal question, §1441(b) precludes a defendant from removing a case to federal court where the defendant is a citizen of the State in which such action is brought. See 28 U.S.C. § 1441(b). The removing party must attach copies of "all process, pleadings, and orders served upon" the removing parties in the state court action. 28 U.S.C. § 1446(a).

The removing party "has the burden of proving all jurisdictional facts and of establishing a right to removal." Chavez v. Kincaid, 15 F. Supp. 2d 1118, 1119-20 (D.N.M. 1998)(Campos, J.). The defendants "bear the burden of establishing [their] right to removal, including [their] compliance with the requirements of the removal statute." Dawson v. Orkin Exterminating Co., 736 F.Supp. 1049, 1050 (D. Colo. 1990).

## ANALYSIS

There are numerous defects in the removal and in the removal procedures that the Mehners employed. Accordingly, the Court will remand the case to state court. The Court will also award the Bank its reasonable costs and fees in preparing the portion of the motion addressing remand.

## I.  THE UNDERLYING FACTS SHOW THAT REMOVAL TO THIS COURT WAS IMPROPER.

The Court can reasonably infer from the timing of the filing of the Notice of Removal that the Mehners designed their Notice to delay the foreclosure sale. Nevertheless, the problem with the removal is that the Mehners did not effectuate their removal from state court properly. There are a number of defects in their removal, which, without necessarily being exhaustive, include:

1. The Mehners are citizens of the State of New Mexico. See Notice of Removal at 2, filed March 3, 2005 (Doc. 1). Section 1441(b) of Title 28 precludes the Mehners from removing the state court action to federal court because they are citizens of the state in which the state court action was brought. The case was thus not removable by the Defendants to federal court.

2. Even if the case were removable, the Mehners did not remove within 30 days of service of the Complaint. The Defendants were served on March 28, 2004, and did not remove within 30 days of that date. The Mehners acknowledge in their Notice of Removal at page 2 that the

action was removable as of March 2004, but they did not remove within 30 days of that time period. The Mehners have violated the 30-day time limit in 28 U.S.C. § 1446(b).

3.    The Bank commenced the state court action on March 10, 2004. The Mehners removed the case more than a year later. Section 1446(b) of Title 28 prohibits removal of an action based on diversity jurisdiction, 28 U.S.C. § 1332, more than one year after the action's commencement. The Department of Labor disclaimed its interest on March 24, 2004, thus removing any Eleventh Amendment impediment to removal and making the case removable thereafter, if otherwise removable at all.

The Mehners base their removal on diversity jurisdiction. See Notice of Removal at 2. As discussed above, however, 28 U.S.C. § 1441(b) prohibits removal. Thus, the removal was both untimely and substantively improper.

4. The IRS did not concur and sign the Notice of Removal, thereby violating the "rule of unanimity."

5. The Mehners did not attach all pleadings from the state court action, as 28 U.S.C. § 1446(a) requires. In many situations, this defect is technical, but here, there was an unappealed Final Judgment of foreclosure. That Final Judgment raises questions whether the Court can have jurisdiction over a terminated state case.

Based on these defects in the removal and in the removal procedure, and on the removal law and authority, the Mehners' removal was improper. The Court will remand this case to state court.

## II.    THE COURT WILL NOT IMPOSE, AT THIS TIME, ANY LIMITATIONS ON THE MEHNERS' FILINGS IN FEDERAL COURT.

The Bank asks the Court to prevent the Mehners from filing vexatious notices of removal and

other vexatious pleadings. The Bank correctly notes that the Court has power to limit vexatious pleadings, unfounded in fact or in law, that parties file. The Court file here contains some unusual pleadings, and while the Court need not decide whether they all are unfounded in fact or law, the lack of a good basis for removal gives the Court concern.

Nevertheless, the Court does not believe that it is appropriate under the circumstances to prohibit the Mehners from doing anything further in federal court. The Mehners should be careful not to file any pleadings solely for a vexatious purpose and while the Court will not, at this time, order the Mehners not to remove this case again to federal district court, the Court will caution the Mehners that they need a good reason, well founded in law and fact, for trying again, and the Court cannot, on the record before it, see a sound basis for removal to the federal court. If the Mehners do not comply with the letter and spirit of the federal court's rules and governing statutes, the Court may, at that time, consider some filing restrictions.

### III.    THE BANK IS ENTITLED TO ITS REASONABLE ATTORNEY'S FEES AND COSTS IN PREPARING THE MOTION TO REMAND.

The Bank is entitled to remand under 28 U.S.C. § 1447(c). The Bank is also entitled to an award of just costs and expenses, including reasonable attorney's fees, incurred as a result of the improper removal. See 28 U.S.C. § 1447(c); Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997). The Mehners committed a number of procedural and jurisdictional errors in removal. The facts and circumstances strongly suggest that they filed the Notice of Removal primarily, if not solely, to stall and delay a foreclosure sale. The Court will thus grant the Bank its reasonable fees and costs.

The Court directs the Bank's counsel to submit an affidavit, within ten business days of the

date of this order, in support of the reasonable fees and costs it incurred in filing this motion. The Mehners will have fourteen business to object to the affidavit. The Bank should make certain that its affidavit only seeks costs and fees incurred in preparing the portion of its motion that relates to remand.

**IT IS ORDERED** that the Plaintiff's Motion to Remand Case to State Court and Motion for Abstention and Memorandum in Support Thereof is granted in part, denied in part, and not addressed in part. The case is remanded to the Second Judicial Court, County of Bernalillo, State of New Mexico. The Court will issue this order as well as enter a final judgment advising the state court that the case has been remanded. The Court will not, however, at this time, preclude the Defendants from filing further documents in the federal court. The Plaintiff is awarded its reasonable costs and fees incurred in preparing the remand portion of its motion. The Court declines to entertain the remainder of the Plaintiff's motion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Susan C. Little
Jeanette B. Martinez
Susan C. Little & Associates, P.A.
Albuquerque, New Mexico

-- and --

Paul M. Kienzle III
Scott & Kienzle, P.A.
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Karl E. Mehner
Frances J. Mehner
Sandia Park, New Mexico

    *Pro se Defendants*

David C. Iglesias
  United States Attorney
Manuel Lucero
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Defendant United States of America,*
    *Internal Revenue Service*

Jason J. Lewis
Albuquerque, New Mexico

    *Attorney for Defendant New Mexico Department of Labor*

Ronald J. VanAmberg
Roth, Vanamberg, Rogers, Ortiz & Yepa, LLP
Santa Fe, New Mexico

    *Attorney for Plaintiffs in Intervention Brett Robinson*