**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BANK OF NEW YORK, AS TRUSTEE,

       Plaintiff,

vs.                                                                No. CIV 05-355 JB/WDS

KARL E. MEHNER; FRANCES J. MEHNER;
STATE OF NEW MEXICO DEPARTMENT OF LABOR;
UNITED STATES OF AMERICA (IRS); JOHN DOE
and JANE DOE (true names unknown), Tenants,

       Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on the Affidavit of Paul M. Kienzle III, Esq. in Support of Plaintiff's Attorney's Fees and Costs Allowable Pursuant to Final Judgment and Memorandum Opinion and Order Entered on May 31, 2005, filed June 10, 2005 (Doc. 20). Neither Defendant Karl E. Mehner nor Frances J. Mehner served or filed any response to the Affidavit. The primary issue is whether the $2,270.30 in fees and expenses that Plaintiff Bank of New York ("the Bank"), as Trustee, incurred in preparing its motion to remand is reasonable and necessarily incurred. Because the Court concludes that the amount of fees and costs sought are allowable and incurred, the Court will order that the Mehners shall pay the Bank $2,270.30 within thirty days of the entry of this order.

**<u>FACTUAL BACKGROUND</u>**

Paul M. Kienzle III has practiced law since 1992. <u>See</u> Affidavit of Paul M. Kienzle III, Esq. in Support of Plaintiff's Attorney's Fees and Costs Allowable Pursuant to Final Judgment and Memorandum Opinion and Order Entered on May 31, 2005 ("Affidavit") ¶ 8, at 3. The rate of

$125.00 per hour that Kienzle charged in this case is below Kienzle's regular hourly rate of $175.00.
See id. Document preparation, whether by an attorney or by a paralegal, is billed at the rate of
$125.00. See id.

## PROCEDURAL BACKGROUND

At all relevant times, the law firm of Scott & Kienzle, P.A., represented the Bank in this
action. See id. ¶ 4, at 1. Scott & Kienzle, P.A., charged attorney's fees and paralegal fees in this case
as follows: (i) Kienzle – identified as PK in the billing statements – charged $125.00/hour; and (ii)
Linda Salivar, paralegal – identified as LS in the billing statements – charged $75.00/hour. See id.
¶ 8, at 3. Pursuant to the Final Judgment and Memorandum Opinion and Order that the Court
entered on May 31, 2005, and pursuant to statute, the Bank seeks a judgment for attorney's fees and
gross receipts tax and costs in the amount of $2,270.30 with interest accruing at the statutory
judgment rate from that date of judgment forward. See id. ¶ 11, at 3.

Kienzle prepared his affidavit in accord with the Final Judgment and Memorandum Opinion
and Order that the Court entered on May 31, 2005. See Memorandum Opinion and Order at 7-8,
filed May 31, 2005 (Doc. 18). Kienzle has attached, as Exhibit A to his affidavit, a true and correct
copy of the time and expense listing for Scott & Kienzle, P.A. The time sheet has been redacted,
where appropriate, to protect confidential and privileged information. See Affidavit ¶ 5, at 2. See
generally Law Offices Listing. Kienzle asserts that any information that is confidential and privileged,
and that may not have been redacted, remains confidential and privileged; he asserts that he retains
the right to assert confidentiality, privilege, or immunity. See Affidavit ¶ 5, at 2.

Kienzle states that he has been careful to identify, as the Court directed in its May 31, 2005
Order, only those attorney's fees and costs incurred in preparing the motion to remand. See id. ¶ 6,

at 2.  On Exhibit A, Kienzle marked those entries with an asterisk.  See id.  See generally Law Offices Listing.  To further ensure that he seeks only those fees and costs attributable to the motion to remand, Kienzle states that he has made an adjustment of $750.00, decreasing the fees and costs sought, where the time entries have not been broken down and attributed solely to the motion to remand.  See Affidavit ¶ 6, at 2.  One additional hour has been added for preparation of the affidavit and is not reflected on Exhibit A.  See id.

The Bank requests attorney's fees of $2,600.00 plus New Mexico gross receipts tax, at 6.75%, of $175.05 on those fees, for a total of $2,775.05 through June 10, 2005.[1]  See id. ¶ 7, at 2.  See generally Law Offices Listing.  The Bank incurred total costs of $244.80.  See Affidavit ¶ 7, at 2.  See generally Law Offices Listing.  Costs include: (i) copies on April 30, 2005 of $28.99; and (ii) Westlaw charges on May 24, 2005 of $215.81.  See Law Offices Listing at 2, 5.

The total of attorney's fees, tax, and costs requested by Kienzle is $3,020.30.  See Affidavit ¶ 7, at 2.  See generally Law Offices Listing.  Accounting for the negative $750.00 adjustment that Kienzle made, the total is $2,270.30.  See Affidavit ¶ 7, at 2.  See generally Law Offices Listing.

---

[1] According to the Court's calculation, there is a slight discrepancy in the Bank's attorney's fees request.  Adding up all of the asterisked entries in Exhibit A, with the extra hour noted by Kienzle in his affidavit, yields a total of $2,612.50, not $2,600.00.  Taking 6.75% of $2,612.50 leads to a gross receipts tax due of $176.34.  Adding $176.34 to $2,612.50 equals $2,788.84, not $2,775.05.

Furthermore, the Court notes that the amount requested for gross receipts tax appears slightly low.  If the Bank is correct that the total amount of attorney's fees is $2,600, then the total gross receipts tax on that amount is $175.50, not the $175.05 that the Bank requests.  If the correct amount of tax is added to the total attorney's fees and the total costs requested, then the grand total requested of $3,020.30 is the correct sum.

**LAW REGARDING ATTORNEY'S FEES UNDER 28 U.S.C. § 1447(c)**

28 U.S.C. § 1447(c) allows the court to "require payment of just costs and actual expenses including attorney's fees, incurred as a result of the removal." The plaintiff need not show that the Defendants acted in bad faith to win attorney's fees. See Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005). It is necessary only to show that the removal was improper ab initio. See id. (citing Suder v. Blue Circle, Inc., 116 F.3d 1351, 1352 (10th Cir. 1997)).

**ANALYSIS**

The Court will award the Bank $2,270.30 in costs and actual expenses, including attorney's fees, incurred as a result of removal. As the Court explained in its earlier Memorandum Opinion and Order, the Mehners improperly removed this action to federal court. See Memorandum Opinion and Order at 5-6. Even without a showing of bad faith, the Bank is entitled to an award of the costs and actual expenses because it showed that removal was improper. See Topeka Hous. Auth. v. Johnson, 404 F.3d at 1248.

Kienzle's affidavit is timely. The expenses listed were incurred as a result of the Mehners' removal, with $750.00 deducted as time not spent on the motion to remand. The expenses were necessary for this litigation, reasonable, and customary in this jurisdiction.

While the United States Court of Appeals for the Tenth Circuit has not ruled definitively whether Westlaw charges are allowable under § 1447(c), the Court notes that the Mehners have not challenged this portion, or any portion, of the Bank's request. Furthermore, the Court, like the United States District Court for the District of Kansas, finds persuasive the fact that Westlaw charges are awardable under the fee-shifting provision of 42 U.S.C. § 1988. See Case v. Unified Sch. Dist. No. 233, 157 F.3d 1243, 1258 (10th Cir. 1998)(confirming that "expenses for [Westlaw] should be

-4-

awarded to the extent they are reasonable"); <u>CST Indus. v. Randall</u>, 2004 U.S. Dist. LEXIS 23327, at *5 (D.Kan. November 17, 2004)(finding <u>Case</u> "persuasive" on this issue because it awarded Westlaw charges in a civil rights action).  Like the District of Kansas, this Court "can think of no justification for allowing a party ordered to pay reasonable costs and fees to pay less than a client would pay for identical services." <u>CST Indus. v. Randall</u>, 2004 U.S. Dist. LEXIS 23327, at *5.  The Court will thus award the Westlaw charges.

**IT IS ORDERED** that Defendants Karl E. Mehner and Francis J. Mehner shall pay the Plaintiff Bank of New York $2,270.30 within thirty days of this order.  Statutory interest will accrue from the date of entry of this order.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Susan C. Little
Jeanette B. Martinez
Susan C. Little & Associates, P.A.
Albuquerque, New Mexico

-- and --

Paul M. Kienzle III
Scott & Kienzle, P.A.
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Karl E. Mehner
Frances J. Mehner
Sandia Park, New Mexico

*Pro se Defendants*

David C. Iglesias
   United States Attorney
Manuel Lucero
   Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Defendant United States of America,*
    *Internal Revenue Service*

Jason J. Lewis
Albuquerque, New Mexico

    *Attorney for Defendant New Mexico Department of Labor*

Ronald J. VanAmberg
Roth, Vanamberg, Rogers, Ortiz & Yepa, LLP
Santa Fe, New Mexico

    *Attorney for Plaintiffs in Intervention Brett Robinson*